**UNITED STATES of America, Appellee,**

**v.**

**Manuel ROSARIO, Marta Serrano, Jose Antonio Vasquez a/k/a "Jose Ramon Vasquez," Hipolito Diaz, a/k/a "Polo," Porfiria Lopez, a/k/a "Giga," Floribell Colon, a/k/a "The Blonde," Jesus Batista-Sanchez, Iris Ortiz, a/k/a "Edie," Defendants-Appellants.**

**Nos. 1206–1213, Docket Nos. 87–1023 to 87–1026, 87–1036, 87–1041, 87–1090 and 87–1110.**

United States Court of Appeals, Second Circuit.

Argued May 28, 1987.

Decided June 10, 1987.

Kathleen Eldergill, Manchester, Conn.; David N. Rosen, New Haven, Conn. (Richard S. Cramer, Hartford, Conn.; Thomas Dennis, Federal Public Defender, Hartford, Conn.; V. James Ferraro, New Haven, Conn.; David Gussak, East Hartford, Conn.; Gerald Klein, Hartford, Conn.; John D. Maxwell, Hartford, Conn.; Terrence Ward, Hartford, Conn., of counsel), for defendants-appellants.

Donna L. Fatsi, Holly B. Fitzsimmons, Asst. U.S. Attys., for D. Conn. (Stanley A. Twardy, Jr., U.S. Atty., for D. Conn., of counsel), for appellee.

Before LUMBARD, WINTER and MINER, Circuit Judges.

PER CURIAM:

Appellants pleaded guilty in the District of Connecticut to violations of the federal narcotics laws. They reserved their right to appeal from Judge Cabranes' refusal to suppress wiretap evidence and to dismiss the indictment because of alleged racial discrimination in the selection of the grand jury.

■ Appellants contend that state law enforcement officials exceeded their authority in conducting 24–hour wiretaps pursuant to an order authorizing wiretaps during the period "12:00 a.m. to 12:00 p.m." We disagree. It is clear to us that the use of the ambiguous phrase "12:00 a.m. to 12:00 p.m." was a mere clerical error insufficient to warrant suppression. The wiretap application and supporting affidavits unequivocally establish that 24–hour interception of appellants' telephone conversations was requested by the prosecutor who sought the wiretaps. The panel of state judges that authorized the wiretaps have since stated that they intended to authorize 24–hour interception. Indeed, as the Connecticut Superior Court observed in denying a motion to suppress wiretap evidence predicated on similar grounds, "[t]he suggestion of a twelve hour wiretap order concerning this type of narcotics operation—particularly an order authorizing interceptions solely between midnight and noon—would not be consistent with common sense and normal experience." *State of Connecticut v. Calash*, No. CR8–74222, slip op. at 20 (Conn.Super.Ct. Dec. 17, 1986).

■ Appellants also contend that the indictment should have been dismissed because of alleged underrepresentation of blacks on grand juries in the District of Connecticut. However, they concede that they have failed to offer sufficient evidence of black underrepresentation to establish a prima facie violation of the sixth amendment or the Jury Selection and Service Act, 28 U.S.C. §§ 1861 *et seq.* (1982), under the standard set forth in *United States v. Jenkins*, 496 F.2d 57, 64–66 (2d Cir.1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1119, 43 L.Ed.2d 394 (1975). We see no reason to reexamine our holding in *Jenkins*.[1] Accordingly, we must therefore affirm.

---

1. We need not address whether appellants have made a stronger showing of black underrepresentation under a "standard deviation" analysis than did appellant in *United States v. LaChance*, 788 F.2d 856 (2d Cir.), *cert. denied*, ⸺ U.S. ⸺, 107 S.Ct. 271, 93 L.Ed.2d 248 (1986). The panel's discussion in *LaChance* of the deficiencies in appellant's showing was *dictum,* as the panel noted that appellant had failed to state sufficient facts "to enable us or the court below to apply *either* the 'absolute numbers' analysis of *Jenkins* or the 'standard deviation' analysis which he urges on us." *Id.* at 867. We decline to elaborate on *LaChance*'s discussion of what kind of submission might satisfy a "standard deviation" test while *Jenkins* remains the law in this circuit.